IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Arthur L. Gadsden, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:03-3875-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(2003). Robertson H. Wendt ("Wendt"), counsel for Arthur Gadsden ("Gadsden"), seeks attorney's fees for services rendered in the above-captioned Social Security action in the amount of Twenty Thousand Three Hundred Fifty Dollars ($20,350.00), which represents less than 25% of the total award of $184,916.52 in past-due benefits. The Commissioner does not object to the request for attorney's fees.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[1] the court finds that an award of Twenty Thousand Three Hundred Fifty Dollars ($20,350.00) is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases."). The

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

contingency fee agreement between Gadsden and Wendt provided for attorney's fees in the amount of twenty-five percent (25%) of any past-due benefits. In compliance with 42 U.S.C. § 406(b)(1)(A), Wendt's requested fee does not exceed twenty-five percent (25%) of any past-due benefits.

The requested attorney's fee is reasonable[2] given that Wendt expended more than forty (40.7) hours working on this matter and achieved a successful result for Gadsden without any unreasonable delay. Further, in light of Wendt's specialized skill in Social Security disability cases, an hourly rate of $500.00, calculated based on the requested fee of $20,350.00 divided by the 40.7 hours expended, does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003). Finally, as Wendt has acknowledged, he must refund fees awarded under the Equal Access to Justice Act ("EAJA") to Gadsden in the amount of $6,685.85. See Gisbrecht, 535 U.S. at 796; 28 U.S.C. § 2412(a), (d) (2006).

Therefore, it is

**ORDERED** that Wendt is awarded attorney's fees in the amount of Twenty Thousand Three Hundred Fifty Dollars.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    United States District Judge

Greenville, South Carolina
August 6, 2007

---

[2] "In exercising its discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328.